IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,        :

    v.                            :        Case No. 2:10-mj-0011

Terrance Vance,                  :

    Defendant.                   :

## DETENTION ORDER

The defendant was charged in a criminal complaint filed on January 8, 2010 with conspiracy to possess less than 500 grams of cocaine in violation of 21 U.S.C. §§841(a)(1) and 846. The Court held a detention hearing in the case on January 11, 2010. For the following reasons, the Court grants the United States' motion to detain the defendant without bond pending further proceedings.

The defendant waived a preliminary hearing on the complaint. Therefore, the Court is entitled to conclude that probable cause supports the United States' allegation that the defendant was involved in a cocaine possession and distribution conspiracy with at least one other individual, Tarico Smith, and that the defendant has been purchasing quantities of cocaine from Smith for at least two years.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

>           offense for which a maximum term of
>           imprisonment of ten years or more is
>           prescribed in the Controlled Substances
>           Act (21 U.S.C. 801 et seq)...[or] an
>           offense under section 924(c)...of this
>           title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of

their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, in addition to the presumption created by the probable cause finding, the Court takes into account information in the pretrial services report. That information shows that the defendant has at least four prior felony drug convictions in state court (one of them for trafficking), failed to appear in court in at least one of those cases, and has had his probation revoked at least once. He is currently unemployed and has an unstable residence situation, apparently residing off an on with a girlfriend or with his mother. He has a history of substance abuse. All of these factors weigh strongly in favor of detention.

The countervailing evidence consists of the following. Defendant was employed for approximately three years after his most recent release from prison (although it does not appear that he has attempted to obtain employment after losing that job in 2008). He has ties to this community and could reside with his

-3-

mother on electronic monitoring.  He is willing to look for a job and at least one employer is apparently willing to consider hiring him, although he does not have any guaranteed employment waiting for him.

In the Court's view, this evidence is not enough to overcome the presumption in favor of detention.  Of particular concern is the defendant's four prior drug felony convictions, his lack of gainful employment for the past two years, and his admission that he has been involved in cocaine transactions for most of that period.  It would seem extremely likely that he would continue to be involved in illegal narcotics activity, as he has been for more than fifteen years, if released, and electronic monitoring is not a sufficient deterrent to persuade the Court that release is appropriate.  For all these reasons, the Court grants the United States' request for detention, and detains the defendant without bond pending further proceedings.

The defendant may seek review of this detention order under 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge